UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FRED ALLEN KENT,                          :
                                          :
          Plaintiff                       :
                                          :     CIVIL NO. 3:CV-05-1441
     -vs-                                 :
                                          :     (Judge Kosik)
                                          :
JOANNE B. BARNHART,                       :
Commissioner of Social Security,          :
                                          :
          Defendant                       :

# MEMORANDUM

Before this court is a dispute concerning a decision by the Commissioner of Social Security in which the Commissioner denied the plaintiff's claims for Supplemental Security Income (SSI).  The record is being reviewed pursuant to 42 U.S.C. § 405(g) to determine whether there is substantial evidence to support the Commissioner's decision.  The matter was assigned to United States Magistrate Judge Malachy E. Mannion and appropriate briefs were filed.  In a Report and Recommendation filed April 28, 2006, the Magistrate Judge found that the Commissioner's decision was supported by substantial evidence and recommended that the plaintiff's appeal be denied.  The plaintiff filed objections to the Magistrate Judge's Report and Recommendation.  Defendant filed a brief in response. For the reasons that follow, we will adopt the Report and Recommendation of the Magistrate Judge and affirm the findings of the Commissioner.

**I.      BACKGROUND**

The plaintiff, Fred Allen Kent ("Plaintiff"), filed an application for SSI benefits on

September 29, 2003.  Plaintiff alleged that he became disabled on July 25, 2002, due to

degenerative disc disease, fibromyalgia, memory loss, dizziness, and ringing in the ears.

Plaintiff's claim was initially denied and a hearing was requested.  A hearing was held

before an Administrative Law Judge ("ALJ") on May 25, 2005.  On June 2, 2005, the ALJ

found that plaintiff was not disabled and issued a decision denying benefits.  The Appeals

Council denied Plaintiff's request for review.

Plaintiff filed a complaint with this court on July 19, 2005.  (Doc. 1).  The matter was

assigned to Magistrate Judge Malachy E. Mannion.  On April 28, 2006, Magistrate Judge

Mannion issued a Report and Recommendation wherein he suggested that the ALJ's

decision denying Plaintiff's claim for SSI was based upon substantial evidence.  Plaintiff

objected to the Report and Recommendation and the defendant filed a brief in response.

Plaintiff's objections include six numbered challenges to the Report and

Recommendation:

> 1. The Magistrate Judge erred in recommending that the Plaintiff's appeal of the decision of the Commissioner be denied.
>
> 2. The determination denying the Plaintiff's application for Social Security benefits is not supported by the substantial evidence of record.
>
> 3. The Plaintiff has established that he is unable to engage in any type of substantial gainful activity.  Further, the Plaintiff has established that he suffers from a severe impairment in his lower spine, which is a recurrent herniated L5-S1 disc on the left side resulting in a positive straight leg raise test, absent reflexes in his lower extremities and radicular symptoms within his lower extremities.
>
> 4. The Magistrate Judge erred in concluding that the component evidence of record does not support the Claimant's treating physician, Dr. Evers', opinion that the Claimant

permanently disabled.

> 5. Further, the Plaintiff's testimony in the medical records clearly show that the Plaintiff is unable to engage in substantial gainful activity.  "Testimony of subjective pain and inability to perform even light work is entitled to (inaudible), particularly when . . . it is supported by competent medical evidence." *Dobrowolsky v. Calfano*, 606 F.2d 403 (3d. Cir. 1979).

> 6. The administrative record in this case has been fully developed and the substantial evidence of record, taken as a whole, shows that the Plaintiff is disabled and is entitled to Social Security Supplemental Security Income benefits.

(Doc. 11).   Only paragraphs three (3) through five (5) of Plaintiff's objections contain specific challenges to the Magistrate Judge's decision.  As understood by this court, Plaintiff's objections consist of three arguments.  Plaintiff first objects that the Magistrate Judge erred in finding substantial evidence supports the ALJ's determination that Plaintiff does not suffer from a severe impairment.  He further asserts that the Magistrate Judge erred in determining that substantial evidence supports the ALJ's decision to disregard the opinion of Plaintiff's treating physician, Dr. Evers.   Finally, Plaintiff contends that the Magistrate Judge erred in recommending that substantial evidence supports the ALJ's determination that Plaintiff is able to engage in substantial gainful activity.

Plaintiff did not file a brief in support of his objections.  Rather, Plaintiff references his brief in support of his appeal from the final decision of the Commissioner.  Accordingly, Plaintiff's challenges to the Magistrate Judge's Report and Recommendation are left unsupported by any substantive arguments.  The Commissioner filed a brief in response to Plaintiff's objections on May 25, 2006.  (Doc. 13).

## II.      DISCUSSION

### A.      Standard of Review

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the Report to which objections are made.  28 U.S.C. §636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.3.  Although our review is *de novo*, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

Objections to a Report and Recommendation of a Magistrate Judge are governed by Middle District Local Rule 72.3.  Pursuant to the Local Rule, the objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."  Furthermore, "[t]he briefing requirements set forth in Local Rule 72.2 shall apply."  Local Rule 72.2 requires that, "[a]t the time the appeal is filed, the appellant *shall* also file a brief addressed to the issue raised by the objection to the order or part appealed from."  (emphasis added).

When a claimant appeals from a final decision by the Commissioner of the Social Security Administration, the district court should uphold the Commissioner's decision if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *Stunkard v. Secretary of Health and Human Serv.*, 841 F.2d 57, 59 (3d Cir. 1988).  Substantial evidence means "such relevant evidence as a reasonable mind

might accept as adequate" to support a conclusion.  *Plummer*, 186 F.3d at 427.  It is less than a preponderance of the evidence but more than a mere scintilla.  *Id.*

## B.    Social Security Evaluation Process

A five-step evaluation process is used to determine whether a person is eligible for disability benefits.  *See* 20 C.F.R. § 404.1520.  If it is found that a claimant is disabled or not disabled at any point in the sequence, review does not proceed any further beyond that step in the sequence.  20 C.F.R. § 404.1520.    The first step of the process requires a claimant to establish that he has not engaged in "substantial gainful activity."  *See* 20 C.F.R. § 404-1520.  The second step involves a determination of whether the claimant has a severe impairment.  At the third step, the Commissioner evaluates whether the claimant's impairments or combination of impairments meet or equal those listed in Appendix 1, Subpart P, Regulation No. 4.

If it is determined that the claimant's impairments do not meet or equal a listed impairment, the Commissioner must continue on to the fourth step in the sequential evaluation process and consider whether the claimant has the Residual Functional Capacity ("RFC") to perform his Prior Relevant Work ("PRW").  If the claimant establishes that he is unable to perform PRW, then the burden of proceeding shifts to the Commissioner to demonstrate that other jobs exist in significant numbers in the national economy that the claimant is able to perform, consistent with his medically determinable impairments, functional limitations, age, education and work experience.  *See* 20 C.F.R. § 404.1520(a).  This is the final step in the evaluation of a claimant's disability.

## C.    ALJ's Findings

In applying the evaluation process to the facts of this case, the ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since December 31, 2001, with subsequent periods of employment considered unsuccessful work attempts.  (R. 19; Finding 1).  At step two, the ALJ determined that Plaintiff's musculoskeletal impairments are severe, but his mental impairments are not severe within the meaning of the Regulations.  (R. 19; Finding 2).  Continuing to the third step of the analysis, the ALJ found that Plaintiff does not have an impairment, or combination of impairments, of sufficient severity to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4.  (R. 19; Finding 3).   The ALJ next held that Plaintiff has the RFC to perform sedentary and light work, but that Plaintiff's RFC would not allow him perform his PRW.  (R. 19; Findings 4 and 6).  Finally, the ALJ found that there are jobs in the national economy which Plaintiff can perform.  (R. 20; Finding 8).  The ALJ concluded that Plaintiff has not been under a disability as defined in the Social Security Act, at any time since his alleged onset date.  (R. 20; Finding 10).

**D.      Analysis Of Plaintiff's Objections**

Plaintiff offers three challenges to the Report and Recommendation of the Magistrate Judge.  In her brief in response, the Commissioner asserts that Plaintiff's objections should be overruled as the later failed to file a brief with the objections.  The Commissioner is correct.  Local Rule 72.3, in conjunction with Local Rule 72.2, clearly mandates that objections to a Report and Recommendation "shall" be accompanied by a brief in support.  In this instance, Plaintiff's objections were filed without a brief in support.  Rather, Plaintiff merely attached a copy of his initial brief in support of his appeal to the Magistrate Judge.  That brief, authored long before Magistrate Judge Mannion's Report

and Recommendation, cannot support the objections to the Report and Recommendation. As Plaintiff failed to follow the procedure set forth in Local Rules 72.2 and 72.3, we will overrule Plaintiff's objections and adopt the Report and Recommendation of April 28, 2006. Despite the procedural errors, we will provide a comprehensive review of Plaintiff's objections. Even if we were to overlook Plaintiff's failure to file a brief in support, we would nonetheless adopt the Report and Recommendation of the Magistrate Judge and overrule Plaintiff's objections.

### 1.      First Objection: Plaintiff Suffers From A Severe Impairment

Plaintiff's first recognizable objection asserts that he suffers from a severe impairment. (Doc. 11 at ¶ 3). Specifically, Plaintiff posits that, "The Plaintiff has established that he is unable to engage in any type of substantial gainful activity. Further, the Plaintiff has established that he suffers from a severe impairment in his lower spine, which is a recurrent herniated L5-S1 disc on the left side resulting in a positive straight leg raise test, absent reflexes in his lower extremities and radicular symptoms within his lower extremities." At step two of the disability analysis the ALJ determined that Plaintiff suffers from severe musculoskeletal impairments. (R. 19; Finding 2). At the third step of the analysis, the ALJ concluded that Plaintiff's impairments do not medically meet or equal a listed impairment. (R. 19; Finding 3). Plaintiff, however, does not object to the ALJ's determination at the third step of the disability analysis. Rather, Plaintiff only appears to object to the ALJ's decision at step two, a decision that was made in Plaintiff's favor. Accordingly, Plaintiff's first objection is without merit.

### 2.      Second Objection: Opinion Of Plaintiff's Treating Physician

Plaintiff's second objection asserts that the Magistrate Judge erred in suggesting that substantial evidence supports the ALJ's decision to reject Plaintiff's treating physician, Dr. Evers' opinion that Plaintiff is permanently disabled.  (Doc. 11 at ¶ 4).  In considering a claim for disability benefits, greater weight is to be given to the findings of a treating physician than to a physician who has examined the claimant as a consultant. *See Adorno v. Shalala*, 40 F.3d 43, 47 (3d Cir.1994); *citing*, *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir.1993).  "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*,186 F.3d 422, 429 (3d. Cir.1999); *citing*, *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir.1985).  Opinions found in "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."  *Mason*, 994 F.2d at 1065.  A statement by a plaintiff's treating physician supporting an assertion that she is "disabled" or "unable to work" is not dispositive of the issue. *Wright v. Sullivan*, 900 F.2d 675, 683 (3d Cir.1990).  A treating physician's opinion that a plaintiff is disabled is not a medical opinion, but rather an opinion on an issue that is reserved to the Commissioner because such an opinion is dispositive of the case.  20 C.F.R § 404.1527(e)(1).  No special significance will be given to the source of an opinion on issues that are reserved to the Commissioner.  20 C.F.R § 404.1527(e)(3).

In the instant case, Plaintiff offers no argument in support of his objection that the ALJ's decision to reject Dr. Evers' opinion was not supported by substantial evidence.  As a result, we do not know what evidence Plaintiff believes supports Dr. Evers' opinion of

disability.  A review of the Magistrate Judge's Report and Recommendation and the ALJ's decision leads us to the conclusion that the ALJ's determination to disregard Dr. Evers' opinion is supported by substantial evidence.  In his decision, the ALJ noted that Dr. Evers completed a standard Pennsylvania Department of Public Welfare form in which he checked a box indicating that Plaintiff was "permanently disabled" due to pain and injury to his cervical spine.  (R. 16).  The ALJ rejected Dr. Evers' opinion because it, "was not supported by objective evidence of record."  *Id.*  The ALJ noted that a neurological examination by another treating physician, Dr. Gupta, revealed that Plaintiff had no tenderness over his cervical spine and had full and painless movements in his neck.  *Id.* The ALJ additionally cited to cervical and thoracic X-rays revealing only minimal arthritis, and MRIs of Plaintiff's cervical spine showing no evidence of bulging or protruding discs. *Id.*  The ALJ included that Plaintiff's impairments did not preclude him from going fishing after his alleged onset date.   *Id.*  Moreover, the ALJ noted that Plaintiff experienced relatively good results after surgery for a herniated disc in his lumbar spine (lumbar spine not included as a reason for disability in Dr. Evers' opinion in the Department of Welfare form), and that Plaintiff never returned for a follow up visit with the surgeon.  (R. 16-17). The ALJ's decision recalls additional objective tests, including MRIs of Plaintiff's shoulders, and physicians' reports that contradict Dr. Evers' opinion of total disability.

In rejecting Dr. Evers' opinion as to disability, the ALJ cited to a substantial collection of medical evidence contradicting that opinion.  Moreover, the form report requiring Dr. Evers to merely check a box labeled "permanently disabled" can only be considered weak evidence in support of a finding of disability.  *See Mason*, 994 F.2d at 1065.  A thorough

review of the ALJ's decision and Plaintiff's medical records compels us to hold that the

ALJ's rejection of Dr. Evers' opinion is supported by substantial evidence. *See*

*Plummer,*186 F.3d at 429 (ALJ may reject treating physician's opinion outright on the basis

of contradictory medical evidence).

### 3. Third Objection: Plaintiff Unable To Engage In Substantial Gainful Activity

In paragraph three of his objections, Plaintiff contends that he "has established that

he is unable to engage in any type of substantial gainful activity." (R. 11). Plaintiff repeats

the same challenge in paragraph five of the objections, ". . . Plaintiff's testimony in the

medical records clearly show that the Plaintiff is unable to engage in substantial gainful

activity." *Id.* As Plaintiff provided no brief in support of his objections, this court is unable

to determine which step of the ALJ's social security disability analysis Plaintiff is

challenging. Plaintiff's amorphous objections could challenge either step four, where the

ALJ determines a claimant's RFC, or step five, at which point the ALJ weighs whether a

claimant maintains the RFC to make an adjustment to work which exists in significant

numbers in the national economy. Whichever step Plaintiff challenges, it appears that the

basis for his objection is that the weight of the medical evidence and Plaintiff's own

testimony precluded a finding that Plaintiff retained the RFC to find work which exists in

significant numbers in the national economy.

We have already reviewed the objective medical tests and physicians' reports that

support the ALJ's determination that Plaintiff is not disabled. Accordingly, we will not revisit

the analysis here. Rather, we hold that the medical evidence supports not only the ALJ's

rejection of Dr. Evers' opinion, but also the ALJ's determination of Plaintiff's RFC for light

work.  Accordingly, Plaintiff's assertion that the ALJ's determination of Plaintiff's RFC is not supported by medical evidence is without merit.

Next we turn to Plaintiff's challenge to the ALJ's determination of Plaintiff's credibility regarding his ability to perform work.  The Social Security Regulations provide a framework under which a claimant's subjective complaints are to be considered.  20 C.F.R. § 404.1529.  Symptoms, such as pain, shortness of breath, fatigue, *et cetera*, will only be considered to affect a claimant's ability to perform work activities if such symptoms result from an underlying physical or mental impairment that has been demonstrated to exist by medical signs or laboratory findings.  20 C.F.R. § 404.1529(b).  Once a medically determinable impairment which results in such symptoms is found, the ALJ is to determine their impact on the claimant's ability to work.  *Id.* at (c).  In so doing, the medical evidence of record is considered along with the claimant's statements.  *Id.*  Social Security Ruling 96-7p gives the following instructions in evaluating the credibility of the claimant's statements regarding his symptoms:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements.  In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

SSR 96-7p at *4.  "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Frazier v. Apfel*, 2000 WL 288246

(E.D.Pa. March 7, 2000) (quoting *Walters v. Com. of Soc. Sec.*, 127 F.3d 525, 531 (6th

Cir.1997)).  "[T]he ALJ must indicate in his decision which evidence he has rejected and

which he is relying on as the basis for his finding." *Schaudeck v. Com. of Soc. Sec.*, 181

F.3d 429, 433 (3rd Cir.1999).  An ALJ may find testimony lacks credibility, but he must "give

great weight to a claimant's subjective testimony of the inability to perform even light or

sedentary work when this testimony is supported by competent medical evidence." *Id.*

In the instant case, the ALJ reasoned as follows:

> The undersigned [ALJ] finds the claimant's testimony not fully credible regarding his symptoms and limitations.  There is evidence of musculoskeletal impairments which can cause some discomfort and limitations but not to the extent as alleged by the claimant.  Further, the claimant's testimony reveals that despite his ability to grip/grab or close his right hand, he is able to wash dishes.  He also is able of doing laundry despite his musculoskeletal complaints.  He claims he has difficulty concentrating but it does not interfere with his ability to watch television or drive 3-times a week.

(R. 18).  The ALJ clearly identified the reasons for finding Plaintiff not fully credible.  We

will not disturb the ALJ's credibility determination in this case where the ALJ had the

opportunity to question Plaintiff directly.  *Walters*, 127 F.3d at 531 ("an ALJ's findings

based on the credibility of the applicant are to be accorded great weight and deference").

Substantial evidence supports the ALJ's  determination of Plaintiff's credibility regarding

his work limitations.  Plaintiff's final objection is without merit.

## III.    CONCLUSION

We agree with Magistrate Judge Mannion's conclusion that the decision of the

Commissioner is supported by substantial evidence.  We will overrule Plaintiff's objections

based upon his  failure to file a brief in support of his objections in violation of Local Rules

72.3 and 72.2.  A substantive review of Plaintiff's objections would not change that result. Substantial evidence supports the ALJ's decision to disregard the opinion of Plaintiff's treating physician.   The ALJ did not err in finding Plaintiff not fully credible.   Finally, substantial evidence supports the ALJ's determination that Plaintiff retains the RFC for light work.  Due to Plaintiff's failure to brief his objections, and because we find no merit to the objections, we will adopt the recommendation of the Magistrate Judge that Plaintiff's appeal be denied.  An appropriate Order is attached.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


FRED ALLEN KENT,                          :
                                          :
                 Plaintiff                :
                                          :        CIVIL NO. 3:CV-05-1441
         -vs-                             :
                                          :        (Judge Kosik)
                                          :
JOANNE B. BARNHART,                       :
Commissioner of Social Security,          :
                                          :
                 Defendant                :

# **ORDER**

AND NOW, this 23rd day of June, 2006, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Malachy E. Mannion

(Doc. 10) dated April 28, 2006, is **ADOPTED**;

(2) the plaintiff's appeal is **DENIED**;

(3) the decision of the Commissioner is **AFFIRMED**; and,

(4) the Clerk of Court is directed to **CLOSE** this case and to forward a copy of

this Memorandum and Order to the Magistrate Judge.



_____
                              s/Edwin M. Kosik
                              United States District Judge